ALD-112                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3404
_____

MARKEEMA YVETTE SMALLS, Sui Juris, Executrix & Trustee
of the Markeema Yvette Lee Smalls 508(c)(1)(A)
Ecclesiastical Convention Trust, Special Appearance
Only, with consenting to jurisdiction
Appellant

v.

JUDGE BETSY JO WAHL, in Official and Private Capacity;
NEFERTITI C. JORDAN, ESQ., in Official and Private Capacity;
MIKAL COLEMAN, in Private Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-04852)
District Judge: Honorable Gerald J. Pappert
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2026
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: April 20, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Markeema Smalls appeals *pro se* from an order dismissing her amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  We will summarily affirm.

Smalls initiated this matter in the United States District Court for the Eastern District of Pennsylvania to raise claims stemming from her lack of success in state court child custody proceedings.  She named as defendants Mikal Coleman, the father of her minor child with whom she shares custody, Coleman's attorney, and the Honorable Betsy Jo Wahl, who presided over the state court action in the Court of Common Pleas of Philadelphia County.  The District Court screened the amended complaint and dismissed Smalls' federal causes of action with prejudice for failure to state a claim.  The court then reviewed the remaining state-law claims, concluded that diversity jurisdiction was lacking given Smalls' failure to allege an amount in controversy exceeding $75,000 and the implausibility that the conduct she alleged would entitle her to recover such an amount in any event, and declined to exercise supplemental jurisdiction.  Although the court dismissed Smalls' state-law claims without further leave to amend, it did so without prejudice to her right to pursue them in an appropriate state court.  Smalls appeals.[1]

---

[1] Smalls also has filed numerous motions seeking expedited review; an injunction pending appeal; an emergency protective custody order; leave to file supplemental addenda, notices, and evidence; and modification or supplementation of the record to include materials that were docketed in the District Court but that apparently were not electronically transferred to this Court.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Smalls' amended complaint under Section 1915(e)(2)(B)(ii), accepting as true her factual allegations and construing her pleadings in the light most favorable to her. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation omitted).

The District Court properly concluded that Smalls failed to state a claim upon which relief can be granted.[2] Smalls alleged that Coleman and his attorney violated her constitutional rights during the pendency of a custody matter. To state a claim under Section 1983, a plaintiff must allege that she was deprived of a federal constitutional or statutory right "by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Smalls' amended complaint is devoid of facts supporting a reasonable inference that Coleman or his counsel were state actors, nor is there any indication that she could allege facts demonstrating that there was "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *See id.* at 347 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (stating that

---

[2] Smalls' requests for declaratory and mandamus relief, and her claims for civil conspiracy, federal criminal offenses, and violations of the Americans with Disabilities Act and the Religious Freedom Restoration Act, are unavailing for the reasons stated by the District Court.

"merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge"); *cf. Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010) (*per curiam*) (affirming dismissal of Section 1983 claim against former wife arising from child custody dispute).

The claims against Judge Wahl solely relate to actions that she took in connection with the custody proceedings. Judges are immune from civil liability for acts taken in their judicial capacity. *See Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) (recognizing that judicial immunity extends to "judges of courts of limited and general jurisdiction"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). Smalls baldly alleged that the Philadelphia Common Pleas Court lacked jurisdiction because she and her child reside in North Carolina. *See* ECF Doc. 10 at 3 ¶ 4. However, her pleadings and myriad submissions to the District Court reflect that Coleman resided in Philadelphia and had custody of their child there during the events giving rise to this lawsuit. The allegations do not plausibly suggest that Judge Wahl acted outside her judicial role or in the absence of jurisdiction when presented with Coleman's petition for custody, so she is entitled to immunity.[3]

---

[3] Although "absolute judicial immunity extends only to claims for damages,"

4

Lastly, Smalls contends that summary action is inappropriate because, *inter alia*, "[t]he District Court's dismissal order contains no jurisdictional analysis and does not identify the basis upon which jurisdiction was rejected, assumed, or otherwise resolved." *See* C.A. Doc. 15 at 3. The District Court adequately explained in the memorandum opinion accompanying its order why it declined to exercise supplemental jurisdiction over Smalls' state-law claims and why diversity jurisdiction was lacking on the face of her pleadings. *See* ECF Doc. 105 at 13-15. The court also properly declined to grant further leave to amend because that exercise would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Smalls' appeal does not present a substantial question in those or any other respects. Accordingly, we deny her pending motions[4] and we will summarily affirm the District Court's judgment.

---

*Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Nothing in Smalls' amended complaint suggested that this exception applies. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).

[4] It is unnecessary to supplement the record with materials that were docketed in the District Court; those documents are accessible electronically and we have considered them in resolving this appeal. To the extent Smalls seeks to expand the record to include documents that were not provided to the District Court, she has not demonstrated "exceptional circumstances" warranting such relief. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 435-36 (3d Cir. 2013) (setting forth standard). Given our disposition, Smalls' motions to expedite and her requests for an injunction and an emergency protective custody order likewise are denied.